1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRANT CHARLES RHODES,                    No.  2:16-cv-1763 GEB DB P

12                    Plaintiff,

13         v.                                 ORDER

14   CORRECTIONS CORPORATION OF
     AMERICA, et al.,
15
                     Defendants.
16

17

18         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

19   action under 42 U.S.C. § 1983.  Plaintiff alleges prison staff videotaped him during group strip

20   searches in violation of prison policy and his constitutional rights.  Defendant Corrections

21   Corporation of America ("CCA") moves to dismiss, or transfer this case to the District of

22   Arizona, on the grounds venue is inappropriate in the Eastern District of California.  For the

23   foregoing reasons, this court finds venue is appropriate in Arizona and orders this case transferred

24   there.

25                              **BACKGROUND**

26         Plaintiff is a California state prisoner who is housed at the La Palma Correctional Center

27   ("LPCC") in Elroy, Arizona.  Plaintiff originally filed this action on February 25, 2016, in

28   ////

                                          1

1    Sacramento County Superior Court against CCA[1] and the California Department of Corrections

2    and Rehabilitation ("CDCR").  (ECF No. 1-1.)  Petitioner complains he was subjected to

3    videotaped, group strip searches by LPCC staff in violation of his constitutional rights and CCA

4    and CDCR policies.  Defendant CCA removed the action to federal court on the basis of subject

5    matter jurisdiction, alleging that plaintiff's complaint can be fairly read to allege a civil rights

6    violation under 28 U.S.C. § 1983.  (ECF No. 1-4.)   On August 3, 2016, CCA filed the present

7    motion to dismiss.  (ECF No. 4.)

8                          **MOTION TO DISMISS OR TRANSFER VENUE**

9          Pursuant to 28 U.S.C. § 1391(b) a civil action may be brought in the following districts:

10/11          (1) a judicial district in which any defendant resides, if all
              defendants are residents of the State in which the district is located;

12/13          (2) a judicial district in which a substantial part of the events or
              omissions giving rise to the claim occurred, or a substantial part of
              property that is the subject of the action is situated; or

14/15          (3) if there is no district in which an action may otherwise be
              brought as provided in this section, any judicial district in which
              any defendant is subject to the court's personal jurisdiction with
              respect to such action.

16          Plaintiff asserts claims arising out of events that occurred at LPCC.  Any witnesses to

17    these strip searches would be other inmates or staff at LPCC in Arizona.  Plaintiff's complaint

18    does not contain allegations regarding any violations of his constitutional rights occurring in

19    California or at the hands of any CDCR employees.  Plaintiff states that he will have witnesses

20    who are CDCR representatives and others who are incarcerated in CDCR prisons in California.

21    (See Pl.'s Oppo. (ECF No. 8) at 2.)  However, those witnesses would not involve the core

22    allegations of plaintiff's complaint.

23          Plaintiff also expresses concern that CCA has not served this motion on CDCR.

24    However, as CCA points out, CDCR has not yet been served with a copy of the complaint and

25    therefore has not appeared in this action.  In fact, it is not clear what CDCR's role in this case will

26

27    _____

      [1] CCA runs LPCC pursuant to a correctional services agreement with the State of California.
28    CCA is a Maryland Corporation, with its headquarters in Nashville, Tennessee.  (Resp.'s Mot.
      (ECF No. 4) at 3.)

                                              2

1    be.  As stated above, plaintiff does not allege violations of his rights be CDCR.  Moreover, in his

2    complaint, plaintiff states that he will "later give CDCR the opportunity to become a nonparty by

3    providing assistance, documenting CDCR Procedure for strip search, in that CDCR does not

4    conduct Group videotaped strip searches."  (Compl. (ECF No. 1-1 at 17).)

5            Plaintiff does not dispute that "a substantial part of the events . . . giving rise to the claim"

6    occurred in Arizona.  Therefore, venue is most appropriate in that district.  See 28 U.S.C. §

7    1391(b); 28 U.S.C. § 1404(a) (venue may be transferred "[f]or the convenience of the parties and

8    witnesses").

9            Accordingly, IT IS HEREBY ORDERED that defendant CCA's Motion to Dismiss (ECF

10   No. 4) be granted in part and this case be transferred to the District of Arizona.  28 U.S.C. §

11   1406(a).

12   Dated:  January 30, 2017

13

14   _____

15   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20   DLB:9
     DLB1/prisoner-civil rights/rhod1763.venue or

21

22

23

24

25

26

27

28

3